IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**REBECCA TITTLE,**

    **Plaintiff,**

                                              **Civil Action 2:17-cv-390**
    v.                                    **Judge James L. Graham**
                                              **Magistrate Judge Chelsey M. Vascura**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Rebecca ("Plaintiff"), who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for social security disability insurance benefits and supplemental security income. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 13), the Commissioner's Memorandum in Opposition (ECF No. 14), and the administrative record (ECF No. 11). For the reasons that follow, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's decision.

## I. BACKGROUND

Plaintiff filed her applications for disability insurance benefits and supplemental security income on May 15, 2013, alleging that she has been disabled since that date. Following initial administrative denials of Plaintiff's applications, a hearing was held before Administrative Law

Patricia Witkowski Supergan (the "ALJ") on January 7, 2016, at which Plaintiff, represented by counsel, appeared and testified. The ALJ subsequently issued a decision on February 22, 2016, denying Plaintiff benefits. (R. at 14-25.) The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision.

Plaintiff filed the instant action on May 5, 2017. The entirety of Plaintiff's Statement of Errors states as follows:

> Much is left out or misconstrued in Judge Supergan's findings; therefore the Social Security Administration cannot make a fully informed decision on my case without examining the additional evidence I provided. The review of the appeal material is my chance to show that my anxiety and depression are debilitating using evidence collected after the hearing, submitting items previously barred, and refuting inaccuracy throughout the judges report.
>
> I ask the court to perform the appeal of my hearing so all submitted evidence will be taken into consideration.

(Pl's Statement of Errors 1, ECF No. 13.)

In her Memorandum in Opposition (ECF No. 14), the Commissioner asserts that the additional evidence Plaintiff submitted to the Appeals Council does not warrant remand under sentence six of 20 U.S.C. § 405(g). The Commissioner maintains that Plaintiff has not shown that the documents she submitted to the Appeals Council are new and material or that she had good cause for her failure to incorporate the evidence into the record during the administrative proceedings.

## II. THE ADMINISTRATIVE DECISION

On February 22, 2016, the ALJ issued a decision finding that Plaintiff was not disabled

within the meaning of the Social Security Act. At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantially gainful activity since May 15, 2013, her alleged onset date of disability.

The ALJ found that Plaintiff has the severe impairments of obesity, degenerative disc disease, depression, anxiety, and personality disorder. The ALJ further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four of the sequential process, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> The claimant has the residual functional capacity to perform light work . . . except the claimant could never climb ladders, ropes, or scaffolds; frequently climb rams and stairs; frequently balance, stoop, kneel, crouch and crawl; she can have frequent exposure to hazards, such as moving machinery or unprotected heights; she is limited to simple, routine tasks requiring no more than short simple instructions and simple work related decision making with few workplace changes that involve no strict production quotas, no convey belt work and no fast

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

> pace work, but she can meet end of the day production goals; she can have occasional contact with the general public of a brief, superficial and incidental nature; occasional contact with supervisors and coworkers and she could work in proximity to others, but with no shared or tandem tasks.

(R. at 18.)

Relying on the vocational expert's testimony, the ALJ concluded that Plaintiff can perform jobs that exist in significant numbers in the national economy. She therefore concluded that Plaintiff was not disabled under the Social Security Act. (R. at 24-25.)

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is

4

substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## IV. ANALYSIS

As a threshold matter, to the extent Plaintiff argues that the ALJ misconstrued record evidence or failed to discuss certain evidence, that argument is waived because Plaintiff has failed to develop it beyond making a conclusory assertion. *See McPherson v. Kelsey*, 125 F.3d 989, 996-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (internal quotation marks and citations omitted)); *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 490-91 (6th Cir. 2006) ("This challenge warrants little discussion, as Hollon has made little effort to develop this argument in her brief on appeal, or to identify any specific aspects of the Commissioner's determination that lack support in the record."). Regardless, the Court notes that an ALJ is "not require[d] . . . to discuss every piece of evidence in the record to substantiate the ALJ's decision." *Conner v. Comm'r of Soc. Sec.*, 658 F. App'x 248, 254 (6th Cir. 2016) (citing *Thacker v. Comm'r of Soc. Sec.*, 99 App'x 661, 665 (6th Cir. 2004)).

5

The undersigned agrees with the Commissioner, however, that Plaintiff's primary argument is that the evidence she submitted to the Appeals Council warrants remand. Here, too, Plaintiff has failed to sufficiently develop her argument such that the undersigned finds that Plaintiff's Statement of Errors should be overruled. Alternatively, the undersigned recommends that Plaintiff's Statement of Errors be overruled because review of the documents Plaintiff submitted to the Appeals Council makes clear that Plaintiff could not satisfy her burden to show that the documents constitute new and material evidence warranting remand for consideration under sentence six of 42 U.S.C. § 405(g).

> Sentence six of 42 U.S.C. § 405(g) provides in relevant part as follows:
>
> The Court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42. U.S.C. § 405(g). "Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993) (citations omitted). The requirements that the evidence be "new" and "material," and that "good cause" be shown for the failure to present the evidence to the ALJ have been defined by the United States Court of Appeals for the Sixth Circuit as follows:

> "For the purposes of a 42 U.S.C. § 405(g) remand, evidence is new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.' . . . Such evidence is 'material' only if there is 'a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.' . . . A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ . . . . [T]he

6

burden of showing that a remand is appropriate is on the claimant."
*Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (quoting *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)).

None of the Exhibit E evidence Plaintiff submitted to the Appeals Council is new and material. Exhibit 12E is a print out of 2015 Facebook messages between Plaintiff and another individual reflecting conflict about a particular Facebook post Plaintiff made and what appears to be an undated, unsworn statement Plaintiff drafted talking about how her anxiety and depression have affected her life. (R. at 317-21.) The 2015 Facebook posts are not new given that they predate the hearing, and Plaintiff's undated, unsworn statements are not material because they merely echo her allegations throughout the record, including her testimony at the hearing. Exhibits 13E and 14E, Plaintiff's 2009-2010 transcript from Ohio State University and her 2013-2014 transcript from cosmetology school, are not new as they also predate the hearing. Moreover, the ALJ considered Plaintiff's hearing testimony that she dropped out of cosmetology school after a couple of months, so her transcripts, which reflect that she attended school for almost eight months, are not material. Finally, Exhibit 15E, a 2009 evaluation and accommodation sheet reflecting an evaluation from an Ohio State University Student Health Services physician, is likewise not new as it predates Plaintiff's onset date. Exhibit 15E also contains an unsworn, undated one-month "Daily Journal" in which it appears Plaintiff logged her self-reported symptoms. (R. at 344-45.) Nothing in this "Daily Journal" reflects that it is new, and it is certainly not material given that it echoes Plaintiff's subjective complaints that the ALJ considered in her decision.

The Exhibit F evidence Plaintiff submitted to the Appeals Council likewise falls short. To begin, as the Commissioner points out, most of these records are duplicates of record evidence that the ALJ has already considered in rendering her decision. (*See* Comm'r Mem. in Opp. 5, ECF No. 14 (providing listing of record citations of the new evidence next to the record citation of the duplicates contained in the record).) The remaining, non-duplicative records consist of chiropractic records from December 2015 through April 2016 (R. at 880-88), an April 2016 opinion from her chiropractor (R. at 872), and mental health records from December 2015 through March 2016 (R. at 917-27). The chiropractic records reflect that Plaintiff reported experiencing increased stress due to the January 2016 hearing and February 2016 decision denying benefits. The mental health records similarly reflect that Plaintiff reported experiencing increased stress due to the legal proceedings surrounding her disability application and also her grandmother's declining health. In his April 2016 opinion, chiropractor Doug Black, D.C., says that "[a]lthough [he] is not a [p]sychologist or therapist, it has been [his] observation over these last few years that [Plaintiff] is easily flustered." (R. at 872.) He added that Plaintiff "often breaks into tears or arrives agitated and/or emotionally charged" and that he has observed "severe tremors," but that it "is out of [his] scope of practice to treat or diagnose their cause." (*Id.*) He also opines that Plaintiff's "combined physical and emotional limitations would make it very difficult for her to handle the day-to-day rigors and demands of maintaining steady employment." (*Id.*)

The undersigned concludes that Plaintiff could not satisfy her burden to show that these records create a "reasonable probability," *Foster*, 279 F.3d at 357, that the Commissioner would have reached a different disposition. As discussed above, the self-reported increased stress

reflected in these chiropractic and mental health records is attributable to transient, situational stressors. Further, the mental status examination findings are substantially similar to those contained in the record that the ALJ considered. The undersigned concludes that the April 2016 opinion from chiropractor Doug Black is also not material. As the Commissioner points out, chiropractor Black is not an acceptable source and instead is, at most, an "other source." *See* 20 C.F.R. §§ 404.1513(d), 416.913(d). In addition, as even Dr. Black acknowledged, he lacks any expertise in evaluating Plaintiff's mental health condition, and as the ALJ noted, none of the individuals who treated Plaintiff for her mental impairments limited her functioning in any way. (*See* R. at 21-22.) Further, Dr. Black's opinion that Plaintiff's limitations would make it difficult for her to work is not entitled to any deference as that is an issue reserved for the Commissioner. *See* SSR 96–5p, 1996 WL 374183, at *5 (1996) ("Medical sources often offer opinions about whether an individual ... is 'disabled' or 'unable to work[.]' . . . Because these are administrative findings that may determine whether an individual is disabled, they are reserved to the Commissioner."). Finally, as the Commissioner points out, Dr. Black could have authored this opinion at any time prior to February 2016. Thus, Plaintiff has additionally failed to show good cause for why she failed to acquire and present this evidence for inclusion in the hearing before the ALJ.

In summary, the undersigned finds that Plaintiff's failure to develop her arguments amounts to waiver such that this Court should overrule her contentions of error. The undersigned alternatively finds that Plaintiff has failed to satisfy her burden to show that the material she submitted to the Appeals Council constitutes new and material evidence warranting remand for consideration under sentence six of 42 U.S.C. § 405(g).

## V. DISPOSITION

Based on the foregoing analysis, it is **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED** and that the Commissioner's decision **AFFIRMED**.

## VI. PROCEDURES ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE